(102 So. 147)

## BLACKMAN v. STATE. (4 Div. 996.)

(Court of Appeals of Alabama. Aug. 19, 1924. Rehearing Denied Oct. 7, 1924.)

1. **Witnesses** ⊚⇒370(1)—Schoolboy fights between defendant and state's witness held too remote on which to base ill feeling and prejudice.

That defendant and state's witness, while school boys, had many fights in which defendant conquered, *held* too remote on which to base ill feeling and prejudice, in absence of facts showing continuance of such differences.

2. **Witnesses** ⊚⇒374(1)—Details of schoolboy fights between defendant and state's witness inadmissible.

Details of difficulties between defendant and state's witness *held* inadmissible to show ill feeling and prejudice.

3. **Criminal law** ⊚⇒1168(4)—Witness' right to fee as deputy not prejudicial to defendant.

That deputy examined by state was entitled to $50 fee in case could not have injuriously affected defendant's case, where he testified to no fact tending to connect defendant with alleged manufacture of whisky.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Seab Blackman was convicted of manufacturing whisky, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Blackman, 212 Ala. 248, 102 So. 148.

Sollie & Sollie, of Ozark, for appellant.

Bias, interest, or prejudice of a witness is always relevant. Gray v. State, 19 Ala. App. 550, 98 So. 818; Russell v. State, 17 Ala. App. 436, 87 So. 221; Cook v. State, 152 Ala. 66, 44 So. 549; Ex parte Morrow, 210 Ala. 63, 97 So. 108.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Details of a former difficulty may not be gone into. Sou. Ry. v. Harrison, 191 Ala. 436, 67 So. 597.

SAMFORD, J. [1, 2] The fact that when defendant and state's witness were schoolboys they had lots of fights, and defendant "sort of" got the better of witness, is too remote upon which to base ill feeling and prejudice, unless there were connecting facts showing a continuance of the youthful differences. Besides, the details of such fights would be inadmissible.

[3] The fact that McGowan, the deputy, who was a witness examined by the state, was or was not entitled to a fee of $50 in this case could not have injuriously affected defendant's case. This witness did not testify to any fact tending to connect defendant with the manufacture of whisky.

The other exceptions are without merit.

We find no error in the record, and the judgment is affirmed.

Affirmed.